CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 22 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID F. SPRINKLE, | ) | CASE NO. 7:13CV00107 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| BLUE RIDGE REGIONAL JAIL | ) | |
| AUTHORITY, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

David F. Sprinkle, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that unspecified jail officials have deprived him of adequate medical treatment for previously diagnosed, chronic pain from kidney disease, tumors, and a crushed ankle. Sprinkle has complied with the requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915(b) and has moved to amend his complaint. Because the motion and the initial complaint do not state actionable claims against the named defendants, the court denies the motion to amend, summarily dismisses the claims against these defendants, and grants plaintiff an opportunity to submit an amended complaint.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 "is designed to provide a comprehensive remedy for the deprivation of constitutional rights." Smith v. Hampton Training Sch. for Nurses, 360 F.2d 577, 581 (4th Cir. 1966). To state a claim under § 1983, "a plaintiff must establish three elements . . . : (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a *person*; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997) (emphasis added).

In his initial complaint and motion to amend, Sprinkle identifies only two defendants: the Blue Ridge Jail Authority ("BRRJA") and the Campbell County Adult Detention Center ("CCADC"). As a local jail facility, the CCADC is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Sprinkle's claims against the CCADC must be summarily dismissed under § 1915A(b)(1) as legally frivolous.

To prove that a governmental entity, such as a local jail authority, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). Because Sprinkle fails to state facts linking the nature of the medical care he has received to a specific policy or decision "officially adopted" by the governing body of the jail authority, neither his complaint nor his motion to amend state any actionable § 1983 complaint against the BRRJA. Accordingly, the court will deny his motion to amend and will summarily dismiss without prejudice the claims against the BRRJA.

The court finds, however, that Sprinkle's allegations, liberally construed, might give rise to actionable § 1983 claims against individual jail officials or medical personnel. Because Sprinkle is proceeding *pro se*, the court will grant Sprinkle an opportunity to submit an amended

complaint concerning his claims about the medical care he has received at CCADC. The amended complaint must identify, in the heading of the document, the individuals that Sprinkle is naming as defendants and state, in detailed and numbered paragraphs, what actions each defendant took in violation of Sprinkle's constitutional rights. See Rules 8 & 10, Federal Rules of Civil Procedure. The amended complaint should also state facts in support of the claims, including but not limited to when Sprinkle asked for medical care, what care he believed he should receive, what response(s) he received, what each defendant knew about his medical condition, what medical evaluation and medical treatment Sprinkle received, and what injury he suffered as a result of the defendants' actions. Finally, the amended complaint must include the assigned case number and be signed under penalty of perjury. See Rule 11.

For the reasons stated, the court dismisses without prejudice Sprinkle's claims against the BRRJA and the CCADC, pursuant to § 1915A(b)(1) and denies his motion to amend, but grants him an opportunity to submit an amended complaint. An appropriate order will issue this day.

ENTER: This 21st day of May, 2013.

Chief United States District Judge